IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-20-947 |
| RONALD FISHKIND, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Lea Gardner's Rule 11 Motion for Sanctions for Refusal to Pay Accrued Post-Judgment Interest. (ECF No. 17.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the motion is DENIED.

Penn National Mutual Insurance Company ("Penn National") brought this lawsuit seeking declaratory judgment regarding its and Ronald Fishkind's respective obligations in relation to a $1,530,000 judgment awarded to Gardner in *Lea Gardner v. Ronald Fishkind, et al.*, Circuit Court for Baltimore City Case Number 24-C-17002357. (Compl., ECF No. 1.) In short, Penn National argues that under the relevant insurance policy it is only obligated to pay 32% of the judgment ($489,600), while Gardner maintains that Penn National is liable for a larger sum. (*Id.*; Gardner Ans., ECF No. 5.)

In the pending motion, Gardner reports that Penn National has already paid the $489,600 portion of the judgment that Penn National admits it owes. (Mot. Sanctions ¶ 4, ECF No. 17.) However, she claims that Penn National has refused to pay post-judgment interest. Gardner argues that Penn National is contractually obligated to do so, citing *Penn National v. Jeffers*, 223 A.3d

1146 (Md. Ct. Spec. App. 2020), in which the Maryland Court of Special Appeals interpreted a (presumably) similar insurance policy to the one at issue as requiring Penn National to pay all post-judgment interest. (Mot. Sanctions ¶ 5.) Gardner reports that Penn National responded to her requests for payment of post-judgment interest by claiming that in *Jeffers* it did not pay post-judgment interest "until after the CSA's decision finalizing the pro rata calculation" and by asserting that no court "has ever held that an insurer is in bad faith for not paying interest on the entire tort judgment in a pro rata matter until after the pro rata share is finally determined." (*Id.* ¶ 7.) Gardner argues that Penn National's refusal to pay post-judgment interest before the resolution of the dispute regarding its pro rata share "is frivolous, without merit, and is done in bad faith," and she asks the Court to impose sanctions against Penn National under Rule 11 of the Federal Rules of Civil Procedure. (*Id.* ¶ 9.)

The Court denies Gardner's motion because Gardner seeks sanctions against Penn National in relation to arguments that Penn National has not made to the Court, and Gardner treats as decided issues that are not yet ripe for resolution. Rule 11(c) authorizes the Court to sanction a party for making improper representations *to the Court*. Since the arguments Gardner condemns as frivolous have not actually been made in any of Penn National's filings before the Court, Rule 11 sanctions are not appropriate. Furthermore, at present, the Court is in no position to determine what Penn National's obligations may be in relation to post-judgment interest, as no party has submitted the relevant insurance policy. Therefore, even if Penn National had made in Court the arguments that Gardner recites, sanctions would be unwarranted.

The dispositive pretrial motions deadline is less than a month away, and the parties will soon have the opportunity to present complete arguments regarding Penn National's obligations. Gardner may seek determination on the post-judgment interest issue at that time.

DATED this 16th day of October, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge