IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,** | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-20-0947 |
| **RONALD FISHKIND, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National")'s Motion for Summary Judgment (ECF No. 27), along with Defendant Lea Gardner's Cross-Motion for Summary Judgment (ECF No. 28), are now pending before the Court. One of the issues for the Court to resolve requires application of a mathematical formula to determine Penn National's "time on the risk." Both parties have referred to this pro rata time-on-the-risk allocation formula, which involves fractions, in their submissions.

Cutting to the chase, the Court has two simple questions. First, to the extent that Gardner contends that the denominator in the fraction should begin when she was four-to-six months of age, then why should the numerator in the same fraction not be adjusted similarly—i.e., reduced by four-to-six months—given that, under the formula, both the numerator and denominator are calculated from the date on which the risk begins? Second, if both the numerator and denominator must change if the Court accepts Gardner's argument that the risk began when Gardner was four-to-six months of age, as opposed to the date of her birth, then why does the allocation formula not yield a much, much smaller fraction, greatly diminishing Gardner's recovery from Penn National?

The parties are instructed to submit supplemental briefs addressing this question. The briefs from both sides are due on or before May 10, 2021.

SO ORDERED.

DATED this 29th day of April, 2021.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge